UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GOOSE RIDGE, LLC and GOOSE RIDGE VINEYARDS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE OHIO CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C24-1058 MJP<br><br>ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on Plaintiffs' Motion to Seal. (Dkt. No. 31.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Defendant recently filed a motion for partial summary judgment in this insurance dispute. (Dkt. No. 20.) With their opposition, Plaintiffs have filed certain materials provisionally under seal, and they now move the Court to maintain these records under seal. (Dkt. Nos. 31, 34.) Plaintiffs ask the Court to seal two categories of documents. The first is a category of

information, documents, and testimony that K Vintners, LLC, a non-party to this case, produced in an arbitration between K Vintners and Plaintiffs that K Vintners marked as confidential and is subject to a protective order entered in the arbitration proceeding. (Declaration of Kasey D. Huebner ¶ 2 (Dkt. No. 32).) The second is a settlement agreement between Plaintiff and K Vintners that contains a confidentiality provision. (Id.) Plaintiffs' CEO, governor, and owner, Willian Monson, declares that "[c]onfidentiality was an important term of the settlement agreement, and Goose Ridge would not have agreed to settle on the terms outlined in the agreement without a strict confidentiality provision." (Declaration of William Monson ¶ 4.) He explains further that "[d]isclosure of the settlement agreement likely would negatively impact Goose Ridge's business interest" and that it would harm their reputation and goodwill. (Id. ¶ 6.)

In compliance with Local Civil Rule 5(g), Plaintiffs explain that they met and conferred with Defendant and K Vintners in advance of filing the Motion to Seal. (See Huebner Decl.) They were able to determine that K Vintners wishes their documents to be kept under seal, along with the settlement agreement. Defendant has taken no position on sealing.

**ANALYSIS**

**A.     Legal Standard**

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, the compelling interest test applies, as the materials Plaintiffs ask the Court to seal are "more than tangentially related to the merits of the case." Id.

ORDER GRANTING MOTION TO SEAL - 2

Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." <u>Kamakana v. City & Cty . of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." <u>Id.</u> (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." <u>Foltz v. State Farm Mutual Auto. Ins. Co.</u>, 331 F.3d 1122, 1131 (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to keep materials under seal to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Civil Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." <u>Id.</u>

**B.     Sealing is Proper**

Although Plaintiffs failed to identify or brief the correct standard, they have provided sufficient information to justify sealing the two categories of documents.

As to the first category of documents, the Court finds compelling interests justify the sealing of portions of the Declaration of Brendan Monahan and Exhibits B thereto and the entirety of Monahan Decl. Exhibit F. These materials reveal information that K Vintners has marked as confidential and which is subject to a protective order entered in the underlying arbitration. While the Court lacks any declaration from K Vintners as to what specific harm would befall it if these limited materials were publicly released, the Court has reviewed the

materials and can easily identify why revelation of this information would cause significant commercial and reputational damage to K Vintners. Though the Court could have simply denied this request because K Vintner's failed to file a declaration attesting to the harm, the Court has undertaken this independent analysis because K Vintners is a non-party to this action and the materials are limited and straight-forward. But going forward, should the Parties wish to file materials K Vintners has marked as confidential under seal, K Vintners will need to file a declaration explaining why revelation of the materials would cause it a specific, significant harm.

Second, the Court finds compelling interests outweigh the public's access to the settlement agreement. As Monson explains, the settlement agreement was intended to be confidential and its release would cause Plaintiffs significant reputational damage that will harm its business interests. (Monson Decl. ¶ 6.) This suffices to keep the settlement agreement under seal.

The Court therefore GRANTS the Motion to Seal and will allow these materials to remain sealed.

## CONCLUSION

The Court finds that compelling interests here outweigh the public's right of access to the materials at issue. The Court therefore GRANTS the Motion and will retain the materials filed under seal at Docket Entry 34 under seal.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 9, 2025.

Marsha J. Pechman
United States Senior District Judge