UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GOOSE RIDGE, LLC and GOOSE RIDGE VINEYARDS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>THE OHIO CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C24-1058 MJP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant's Motion for Reconsideration. (Dkt. No. 42.) Having reviewed the Motion, Plaintiffs' Response (Dkt. No. 45), and all supporting materials, the Court DENIES the Motion.

**A.    Legal Standard**

Local Civil Rules specify that "[m]otions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest

error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.

**B.    No Error as to the "Your Product" Exclusion**

Ohio Casualty argues that the Court misapplied Washington law in assessing the Policy's "your product" exclusion because the Court considered the evidence as to causation. Specifically, Ohio Casualty argues that "under Washington law . . . a determination as to causation 'is not a necessary precedent to determination of coverage' with respect to an exclusion applying to damage 'arising out of' an excluded event." (Mot. at 1-2 (quoting Toll Bridge Auth. v. Aetna Ins. Co., 54 Wn. App. 400, 407 (1989)).) Ohio Casualty further relies on Krempl v. Unigard Sec. Ins. Co., for its statement that "[u]nder Toll Bridge, the phrase 'arising out of' in an exclusion precludes an inquiry into the causation of an accident." Id., 69 Wn. App. 703, 706–07 (1993) (citing Toll Bridge, 54 Wn. App. at 406-07). The Court finds no manifest error in its prior Order.

The Court's Order is consistent with both Krempl and Toll Bridge. "The phrase 'arising out of' is unambiguous and has a broader meaning than 'caused by' or 'resulted from.'" Toll Bridge, 54 Wn. App. at 404; (see Order on PMSJ at 9). For Ohio Casualty to meet its burden to prove the exclusion applies, it must show that the damage to the wine "'ha[s] its origin in', 'grow[s] out of', or 'flow[s] from'" the product that Goose Ridge created. Toll Bridge, 54 Wn. App. at 404. As Ohio Casualty itself explained: "In the context of the 'your product' exclusion, its purpose is simply to limit the exclusion to defective product claims—that is, claims that the product was defective as produced—and ensure that it does not exclude coverage for claims that an otherwise non-defective product suffered damage from some external cause." (Reply at 2.) As the Court noted in its Order, there are disputed, material facts as to whether the damage to the

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 2

wine arose out of Goose Ridge's winemaking services or from "some external cause"—to borrow Ohio Casualty's own phrasing.

The Court similarly rejects Ohio Casualty's argument that the Court can undertake no analysis of causation. (Mot. at 1-2.) The Court is aware of the statement in <u>Krempl</u> that "the phrase 'arising out of' in an exclusion precludes an inquiry into the causation of an accident." 69 Wn. App. at 706–07. But this statement only makes sense where the cause of the loss or damage is known. Ohio Casualty fails to recognize that causation was undisputed in both <u>Krempl</u> and <u>Toll Bridge</u>. In both, it was undisputed that the loss arose out of an "excepted risk"—a risk subject to a policy exclusion. In <u>Krempl</u> the loss arose out of the use of the car (the excepted risk), while in <u>Toll Bridge</u>, the loss arose out of the unloading of the ferry boat (the excepted risk). <u>Krempl</u>, 69 Wn. App. at 706 (noting that the "excepted risk, use or maintenance of an automobile, set into motion what Krempl contends is a covered risk, throwing the flaming tank of gasoline."); <u>Toll Bridge</u>, 54 Wn. App. at 404 ("[T]he accident originated on the ferry during the process of unloading passengers."). Because the causes of the loss were known, there was no basis to inquire further as to causation because the loss arose out of the excepted risk and was therefore subject to exclusion. But here, there is a dispute of fact as to what damaged the wine, and the Court cannot simply assume facts in Ohio Casualty's favor. Instead, the trier of fact must resolve the disputed facts and determine whether the damage to the wine arose out of Goose Ridge's vinification work or some external source, such as damage to the grapes that K Vintners required Goose Ridge to use and/or the closure system that K Vintners also required Goose Ridge to use. This is consistent with Washington law, and the Court rejects Ohio Casualty's argument that the Court has somehow applied California law. The Court's formulation and

application of the rule is consistent with both Washington law and Ohio Casualty's own statement of the law. (See Reply at 2.) The Court DENIES the Motion as to this issue.

**C.     The Court Properly Considered the Record Before it**

Ohio Casualty argues that the Court erred in looking beyond the arbitration demand to examine the facts at issue. This argument is incorrect. As the Court explained:

> In determining whether an insured owes a duty to indemnify for a settlement, the Court considers the settlement agreement and any undisputed facts underlying the settlement. See In re Feature Realty Litig., 468 F. Supp. 2d 1287, 1295–96 (E.D. Wash. 2006) ("[W]here the claims have been settled, the insurer's obligation to pay and the determination of coverage must be based upon the facts inherent in the settlement and, because this is a summary judgment proceeding, the undisputed facts."); Sentry Select Ins. Co. v. Alaska Nat'l Ins. Co., No. C01-1956RSM, 2005 WL 8165075, *4 (W.D. Wash. Jan. 13, 2005) ("It is well settled that '[w]here an action settles prior to trial . . . the duty to indemnify must be determined on the basis of the settlement, i.e., the undisputed facts set forth in the underlying complaint and those known to the parties.'").

(Order at 7-8.) Consistent with this rule, the Court examined not just the arbitration demand, but the "settlement agreement and any undisputed facts underlying the settlement." (Id.) In so doing, the Court noted that there were, in fact, disputed facts when one considered the arbitration demand, the opinions on causation that Goose Ridge presented in the arbitration process, and the settlement through which Goose Ridge did not admit liability. Given that Ohio Casualty knew of the dispute of facts in the underlying arbitration, then the Court correctly considered them in the context of resolving the duty to indemnify. See Sentry Select, 2005 WL 8165075, at *4. This is consistent with the standard Ohio Casualty itself notes in its Motion for Reconsideration—that the Court can look beyond the "eight corners" doctrine when "'the allegations are in conflict with facts known to or readily ascertainable by the insurer.'" (Mot. at 4 (quoting Atlantic Mut. Ins. Co. v. Roffe, Inc., 872 P.2d 536, 538 (Wash. 1994)).) Here, Ohio Casualty knew of the facts developed by Goose Ridge through the arbitration process which contradicted the allegations in the arbitration demand. So in assessing the duty to indemnify, the Court properly considered the

same facts presented to Ohio Casualty and did not limit its analysis to the arbitration demand. The Court DENIES the Motion as to this issue.

**D.      No Error in Arbitration Demand Citation**

Ohio Casualty also argues that the Court incorrectly interpreted the Arbitration Demand as to when Goose Ridge had control over the wine. Ohio Casualty's Motion does not evidence any clear or manifest error. Rather, it seeks to dispute interpretations about the Arbitration Demand in its favor. The Court's Order did not resolve any disputes on this issue, and merely highlighted the dispute of fact and properly construed it in Goose Ridge's favor. The trier of fact will resolve this issue and the Court DENIES the Motion on this issue.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 10, 2025.

Marsha J. Pechman
United States Senior District Judge